# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| CHARLES LADON HARRELL, | : Case No. 6:05-MJ-03 |
| Defendant. | : |

# O R D E R

Before the Court are two motions filed by the Government: (1) a Motion to Stay Order of Pretrial Release (Doc. 13); and (2) a Motion for Revocation of Release Order/ Pre-trial Detention (Doc. 16). The Motion to Stay was denied during a telephone conference on August 9, 2005. For the reasons set forth below, the Motion for Revocation is granted.

## I. FACTS

Defendant, Charles Ladon Harrell, was arrested on August 3, 2005, pursuant to a Complaint and Arrest Warrant charging him with violations of witness tampering under 18 U.S.C. § 1512(b)(1), (3). United States Magistrate Judge Richard L. Hodge held an initial appearance on August 4, 2005. Before the hearing the government filed a motion to detain Defendant pending trial. The detention hearing was held on August 8, 2005. At the detention hearing, the Magistrate Judge granted pre-trial release to Defendant on an unsecured bond. As part of the conditions of release, the Magistrate Judge stated the following:

> THE COURT: You are to avoid all contact, directly or indirectly, with any persons who are or may become a victim or potential witness in the subject investigation or prosecution. And this also includes any prosecution involving your son. And you are specifically not to have any contact whatsoever with Julie Harrell. Now I know she is your daughter-in-law, and I think I heard testimony about three grandchildren. I'm not trying to keep you from seeing your grandchildren. But this is serious,

>   you are not to have any contact with Julie Harrell.
>
>   THE DEFENDANT:    I have not, Your Honor, since –
>
>   THE COURT:    Okay.  As long as you and I understand one another, sir.
>
>   THE DEFENDANT:    Yes, sir, yes, sir.

(Aug. 8, 2005, Hr'g Tr. at 96.)  Further, the Magistrate Judge's Order Setting Conditions of Release stated, "The defendant [Charles Ladon Harrell] shall . . . avoid all contact, directly or indirectly, with any persons . . . including but not limited to . . . Julie Harrell."  (Ord. at 2; Doc. 11.)  Defendant signed the Magistrate Judge's Order Setting Conditions of Release, indicating he acknowledged the conditions of his release.

Afterwards, the Government announced in open court to the Magistrate Judge that it would appeal his order granting release and requested the Magistrate Judge to stay release pending appeal to the district court.  At the government's request, this Court conducted a telephone conference on August 9, 2005, to address the Government's appeal.  In light of the arguments presented by the attorneys during the telephone conference, the Court ordered a hearing to take place in Macon, Georgia, on August 12, 2005.  During the August 12, 2005, hearing, the Government proffered and presented evidence that Defendant had violated a condition of his release by contacting Julie Harrell by telephone.

## II.    ANALYSIS

This Court reviews the Magistrate Judge's decision de novo.  United States v. Hurtado, 779 F.2d 1467, 1480 (11th Cir. 1985).  In reviewing the decision, this Court has two options: (1) make a decision based solely on a careful review of the pleadings and the evidence developed at the Magistrate Judge's detention hearing or (2) conduct an evidentiary hearing to consider additional evidence or to resolve factual issues not

addressed by the Magistrate Judge. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). The August 12, 2005, hearing was conducted pursuant to the second option. At the evidentiary hearing, "[t]he government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing." United States v. Gaviria, 828 F.2d 667, 669 (11th Cir. 1987), and the Federal Rules of Evidence do not apply. 18 U.S.C.A. § 3142(f) (West 2000).

Additionally, any person who has been released under § 3142 who has violated a condition of his release is subject to a revocation of release. 18 U.S.C.A. § 3148(a) (West 2000). Specifically, the release may be revoked upon a finding that: (1) the condition violation is supported by clear and convincing evidence; and (2) the person is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C.A. § 3148(b)(1)(B) to (b)(2)(A).

Here, the Government proffered and presented evidence that Defendant had contacted Julie Harrell in violation of his conditions of release. Counsel for Defendant admitted that Defendant had contacted Julie Harrell by telephone. In light of this new evidence, the Court finds that clear and convincing evidence shows that Defendant violated a condition of his pre-trial release.

Defendant asserted, however, that he did not know the Magistrate Judge's Order prohibited contact with Julie Harrell. Defendant's assertion is belied by the colloquy between Defendant and the Magistrate Judge and by Defendant's signature acknowledging the conditions of his release on the Magistrate Judge's Order Setting Conditions of Release. The Court further finds Defendant's violation was willful and demonstrates that Defendant is unlikely to abide by any condition or combination of conditions of release. Defendant's pre-trial release is revoked, and he shall be remanded to the custody of the United States Marshal.

### III.  CONCLUSION

The Clerk is directed to make the docket reflect that the Government's Motion to Stay Order of Pretrial Release (Doc. 13) was denied during a telephone conference on August 8, 2005.  Also, the Government's Motion for Revocation of Release Order/ Pre-trial Detention (Doc. 16) is hereby granted.  Defendant's pre-trial release is revoked, and he shall be remanded to the custody of the United States Marshal.

**SO ORDERED**, this the 16th of August, 2005.

  /s/ Hugh Lawson  
**HUGH LAWSON, Judge**

jmb