# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Criminal Action No. 6:05-cr-17 (HL) |
| **CHARLES L. HARRELL,** | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## **ORDER**

This came matter before the Court on November 30, 2005, on Defendant Charles L. Harrell's Amended Motion to Reconsider Bond Revocation [doc 50[1]]. The Amended Motion to Reconsider Bond Revocation is denied for the reasons stated herein.

On August 3, 2005, the Government filed a complaint against Charles Harrell claiming that he had engaged in witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and (3). Harrell was arrested the same day and made his initial appearance before United States Magistrate Judge Richard Hodge on August 4, 2005. After a hearing held August 8, 2005, Judge Hodge set Harrell's bond at $100,000, unsecured. In a separate Order Setting Conditions of Release, Judge Hodge imposed the following condition:

> avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: (this also includes the prosecution of your son

---

[1] The initial Motion to Reconsider Bond Revocation [doc 24] was filed in case number 6:05-mj-3. Charles Harrell was initially arrested on the complaint that was filed in that case. Harrell has now been indicted and named as a Defendant in this criminal action. The "mj" file is therefore a nullity. However, the arguments presented in the Motion to Reconsider Bond Revocation will be considered in conjunction with the Amended Motion to Reconsider Bond Revocation.

>Martin L. Harrell) NO CONTACT with Julie Harrell or any other potential witness.

Harrell thereafter obtained his release.

The Government immediately moved this Court, pursuant to 18 U.S.C. § 3145, for an order revoking bond. In its motion, the government alleged that there was clear and convincing evidence that Harrell was a danger to the community. On August 12, 2004, this Court held an evidentiary hearing on the Government's motion to revoke. At the hearing, the Government presented evidence that Harrell had contact with Julie Harrell in violation of the Order Setting Conditions of Release. After hearing the evidence, the Court specifically found that Charles Harrell had violated a condition of his release, and further found that he was unlikely to abide by any condition or combination of conditions of release, in accordance with 18 U.S.C. §§ 3148(b)(1)(B) and 3148(b)(2)(B). The Court, therefore, ordered that Harrell's pretrial release be revoked. Harrell has now moved the Court for reconsideration of that Order.

In support of his initial Motion to Reconsider, Charles Harrell argues that his contact with Julie Harrell was accidental and not an intentional disregard for the Court's Order. He further argues that he is not a danger to society and "not a danger to further contact any potential witnesses." (Mot. to Reconsider Bond Revocation at 2.) Charles Harrell further contends that the following circumstances have changed since the Court entered its order revoking his pretrial release: "(a) the Government did not indict for murder as promised in the earlier proceedings, (b) Defendant has been sufficiently punished for his non-harmful violation of bond condition." (Def.'s Reply Gov't's Resp. Mot. Reconsider Bond Revocation at 2.) Defendant also argues

that "there does not exist clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community." (Id. at 3.)

In the Amended Motion to Reconsider Harrell argues that Julie Harrell's whereabouts are unknown to him and, therefore, he presents no threat to her.  He has also presented the testimony of friends and community members, all of whom speak very highly of Harrell and his reputation in the community.

Although the issue of whether Charles Harrell's pretrial release should be revoked was initially brought before the Court pursuant to the Government's motion for review of the release order brought pursuant to 18 U.S.C. § 3145(a), the Court's decision to revoke release was based on 18 U.S.C. § 3148(b).  The distinction is important because the standard for revoking release under § 3148(b) differs from that applied to a motion brought pursuant to § 3145(a).  Section 3148, which applies when violations of a release order are alleged, requires the judicial officer to find probable cause to believe that the defendant committed another crime while on release *or* find by clear and convincing evidence that the defendant violated a condition of release *and* also requires the judicial officer to find either that no conditions will assure the safety of the community *or* that the person is unlikely to abide by any condition or combination of conditions of release.  18 U.S.C. §§ 3148(b)(1) and 3148(b)(2).

In this case, the Court found by clear and convincing evidence that Charles Harrell violated a condition of release and found that he was unlikely to abide by any condition or combination of conditions of release.  Thus, the Court need not also find that no condition or combination of conditions will reasonably assure the safety of any other person and the

community. Moreover, Harrell has failed to persuade the Court that its findings were incorrect. Although Harrell contends that his contact with Julie Harrell was accidental, the Court is of the opinion that his conduct was brazen. The evidence showed that he intentionally dialed Julie Harrell's phone number, knowing that there was a likelihood that she would answer the phone, and then proceeded to speak with her when she did answer the phone. The Court does not consider such conduct to be accidental. To the contrary, it demonstrates a complete lack of respect for the conditions that were imposed at the time of release. More to the point, such conduct demonstrates that Harrell is unlikely to abide by any condition or combination of conditions of release.

In short, the revocation of release was not based on the Government's promise to indict Charles Harrell for murder. Nor was the revocation of release intended to "punish" Harrell for his behavior. Although the Court had some concerns about whether Harrell presented a threat to Julie Harrell, those concerns were not "the primary reason" the Court revoked Harrell's release. Rather, the revocation of release was based on this Court's conclusion that Harrell had, indeed, violated a condition of his release and was very likely to do so again. Moreover, nothing presented by Harrell persuades the Court otherwise. Therefore, the Amended Motion to Reconsider Bond Revocation [doc 50] is hereby denied.

**SO ORDERED**, this the 30th day of November, 2005.

                                                    s/   Hugh Lawson
                                                **HUGH LAWSON, JUDGE**

mls