# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| **MARTIN L. HARRELL, and** | : | |
| **CHARLES L. HARRELL,** | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

On April 28, 2006, the Court entered an order (Doc. # 274) issuing a number of admissibility rulings on evidence the Government had sought to present as 404(b) and/or Inextricably Intertwined Evidence (Doc. # 250). That Order directed the Government and Defendant Charles Ladon (Don) Harrell to submit additional argument on three outstanding issues. Subsequently, the Government and Don Harrell each filed a response. (Doc. #'s 275, 283.) The Court's additional reasoning and rulings related to this evidence are detailed below.

## I.     ANALYSIS

### A.     Don Harrell's Statements at the Mitchell County Magistrate Court

In its original Notice of Intent to Present Evidence, the Government sought to introduce Don Harrell's testimony under oath at a Magistrate Court warrant hearing on December 14, 2000. (Doc. # 250 at 4-5.) This testimony regards the events of the alleged threats Don Harrell made against Christie Chandler on December 6, 2000. In its Notice, the Government fashioned

1

this evidence as admissible under 404(b) or as inextricably intertwined evidence.  In its current motion, the Government contends these statements are admissible against Don Harrell as party admissions under Federal Rule of Evidence 801(d)(2)(A).  (Doc. # 275 at 1-5.)  Don Harrell responds that these statements have not been shown to be qualified admissible statements, and that this entire effort is "merely yet another in the long procession of attempts to convict Don Harrell by use of an alleged character of violence."  (Doc. # 283 at 1-4.)

A statement is not considered hearsay if it "is offered against a party and is . . . the party's own statement."  Fed. R. Evid. 801(d)(2)(A).  "Any and all statements of an accused, so far as they are not excluded by the doctrine of confessions or be the privilege against self-incrimination, are usable against the accused and are not hearsay."  United States v. Allison, 908 F.2d 1531, 1534 (11th Cir. 1990) (citation and quotation omitted).  "So long as that evidence is relevant to the issues at trial and its probative value is not outweighed by the danger of unfair prejudice or confusion, the evidence may be admitted."  United States v. Killough, 848 F.2d 1523, 1528 (11th Cir. 1988).

The statements in question were clearly made by Don Harrell, as they reflect his testimony under oath in a judicial matter.  Therefore, they constitute the statements of an accused party in this matter, per the dictates of Rule 801(d)(2)(A).  In addition, these statements are obviously directly relevant to the issue at trial, as they involve whether Don Harrell threatened Christie Chandler, the allegation of which constitutes an overt act in furtherance of the Hobbs Act conspiracy.  Also, the Court finds the probative value of these statements are not outweighed by the danger of unfair prejudice or confusion.  Don Harrell's statements in the

2

Magistrate Court warrant hearing on December 14, 2000, are admissible, pursuant to in-trial rulings in light of Rules 401 and 403.[1]

### B.        The Assault on Michael McMurphy

In its original Notice of Intent to Present Evidence, the Government sought to introduce evidence that Don Harrell assaulted Michael A. McMurphy ("McMurphy") during the summer of 2005.  (Doc. # 250 at 6-7.)  In its Notice, it was somewhat unclear under which rationale the Government contended this evidence was admissible.  In its current motion, the Government asserts this evidence is admissible against Don Harrell to show his "lack of accident or mistake, his intent and his modus operandi" under Federal Rule of Evidence 404(b).  (Doc. # 275 at 5-7.) Don Harrell responds that this evidence lacks the proper indicia of reliability and is insufficiently similar to the charged acts to warrant its admissibility as 404(b) evidence.  (Doc. # 283 at 4-5.)

The Court has discussed the test for admissibility under 404(b) more than adequately in prior orders and shall not repeat it here. It is equally clear that "[o]ne of the elements of conspiracy that the prosecution must establish beyond a reasonable doubt is an intention to further the purposes of the conspiracy."  United States v. Costa, 947 F.2d 919, 925 (11th Cir. 1991).  Furthermore, "[w]hen a defendant is charged with conspiracy enters a plea of not guilty, as is this case, he makes intent a material issue in the case."  See id.; United States v. Delgado,

---

[1] The Court echoes Don Harrell's concern that Government has provided neither himself nor the Court with a copy of the entire transcript in question.  (Doc. 283 at 3, n.1.)  Therefore, the Government is ordered to produce a copy of the entire transcript and deliver it to both Defendants and the Court by Monday, May 8, 2006 by 10am, or prior to scheduled jury selection.  Additional objections rooted in 401 and 403, if any, shall be dealt with as they arise.

56 F.3d 1357, 1365 (11th Cir. 1995).  Finally, Don Harrell has not "affirmatively take[n] the issue of intent out of contention by stipulating that [he] possessed the requisite intent." <u>Costa</u>, 947 F.2d at 925.  Nevertheless, the Court is persuaded by Don Harrell's argument that the events in the underlying charge in this case are not sufficiently similar to the assault in question to allow the admissibility of this evidence under 404(b).

The United States Court of Appeals for the Eleventh Circuit has explained that analysis under 404(b) "calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." <u>United States v. Jernigan</u>, 341 F.3d 1273, 1282 (11th Cir. 2003) (quotation and citation omitted).  Here, the Court does not believe Don Harrell's alleged direct physical assault of someone who owed him $25 personally, five years after the charged offenses, bears a sufficient similarity to his alleged involvement in a plot to engage in threats and the hiring of individuals to assault someone to recover a debt owed to his son. <u>Cf.</u> <u>United States v. Perez</u>, 443 F.3d 772 (11th Cir. 2006) (determining the probative value of a defendant's prior conviction for another alien-smuggling offense that took place less than two years before the instant alien-smuggling charge outweighed its prejudicial effect.)  The probative value of the assault on McMurphy does not outweigh its substantial prejudice to Don Harrell, and it is thereby inadmissible.

**C.    Excerpts of Don Harrell's Jail Letters to Ms. Doughty**

In its original Notice of Intent to Present Evidence, the Government sought to introduce jail house letters written from Don Harrell to Ms. Doughty.  (Doc. # 250 at 7.)  In its Notice, the

Government offered no argument about why this information might be admissible.  In its current motion, the Government asserts this evidence is admissible against Don Harrell as relevant to show consciousness of guilt, as allowed by Federal Rule of Evidence 404(b).  (Doc. # 275 at 7-9.)  Don Harrell responds that the Government has failed to show who was allegedly threatened in the letter excerpts or how they are related to this case.  (Doc. # 283 at 5-7.)

The Eleventh Circuit has held evidence that a defendant threatened a witness is relevant to show consciousness of guilt, a permissible purpose under Rule 404(b).  United States v. Brazel, 102 F.3d 1120, 1153-54 (11th Cir. 1997).  However, in many the cases wherein a district court's authority to allow such evidence has been upheld, the threat by a defendant against a witness was a clear cut instance.  See, e.g., id. at 1153 (witness allowed to testify that defendant had threatened him in a holding cell five days prior to trial); United States v. Gonzalez, 703 F.2d 1222, 1223 (11th Cir. 1983) (government informant allowed to testify that he had received a death threat from defendant by phone two weeks prior to trial).

In the instant case, however, the Court is unconvinced that Don Harrell's private letters to his girlfriend either constitute a threat against witnesses or show any consciousness of guilt.  Rather than expressing direct threats against witnesses in his trial, Don Harrell appears to be expressing general frustration with the situation in which he finds himself.  Cf. United States v. Monahan, 633 F.2d 984, 985 (1st Cir. 1980) ("The offensiveness of threatening personal harm to a witness shows that Monahan was willing to take extreme measures to exclude pertinent evidence from the trial.  This surpasses in nature and degree any innocent desire to avoid entanglement.  The specificity of this conduct implies a knowledge and fear of particular

and damaging testimony intimately related to the prosecution at hand-not a generalized distaste for the courtroom.")  At least as far as these specific letter excerpts are concerned, Don Harrell's conduct does not rise to the level found admissible in cases cited by the Government. Therefore, these jail letter excerpts are inadmissible under Rule 404(b).

### D.    Don Harrell's Alleged Threats Against Julie Harrell and Alleged Attempts to Acquire a Silencer

In the final sentence of its current motion, the Government states, "Likewise, Don Harrell's thinly veiled threats against his daughter-in-law [Julie Harrell], and his attempts to acquire a silencer while in jail, are admissible against him."  (Doc. # 275 at 9.)  In response, Don Harrell complains that the Government, for the first time in this pleading and without any argument, is attempting to slip new evidence in against him, and in regards to a charge of which he has been acquitted, and moves the Court to find this evidence inadmissible.  (Doc. # 283 at 6-7.)

While the Court allowed testimony related to Don Harrell's alleged threats against Julie Harrell and his alleged attempts to purchase a silencer while in prison in the first trial against him, it has made no such ruling yet in this case.  The Court declines to rule on this matter in this order, since it has heard insufficient argument on the point from counsel.  Should the Government wish to introduce this evidence, it should notify the Court of that intent on Monday, May 8, 2006, before the jury is selected in this case.  At that time, the Court will set forth a briefing schedule or determine a time and date for oral argument on the issue, as well as

any additional outstanding pretrial matters that may exist.

**III.    CONCLUSION**

>   **SO ORDERED**, this the 5th day of May, 2006.


>   >   **s/    Hugh Lawson**
>   >   HUGH LAWSON, JUDGE


pdl