IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| **CHARLES L. HARRELL,** | : | |
| | : | |
| Defendant. | : | |

_____

# ORDER

Before the Court is a "Memorandum in Support of Motion for Temporary Release from Custody for the Purpose of Settling Business Affairs in Advance of Incarceration Pursuant to Sentence" (Doc. 387) filed by Charles L. Harrell ("Harrell"). For the reasons set forth below, the Motion is denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Harrell, who has been incarcerated for more than a year pending trial on various charges, pleaded guilty to Count One of a Superceding Information filed by the Government on June 28, 2006. (Doc. 332.) This Superceding Information (Doc. 328) charged Harrell with Obstruction of Justice in violation of 18 U.S.C. § 1503. Harrell was sentenced to 60 months in prison. (Doc. 380.)

At the conclusion of his sentencing hearing, Harrell's attorney, Phil Cannon ("Cannon"), asked the Court whether it would consider releasing Harrell from prison for a period of time while his appeal was pending so that he could wrap up various business affairs. The Court said

1

it would consider the matter if it was presented in the form of a written motion. Thereafter, Harrell filed a pro se motion (Doc. 387) within which he sought a 30 day release. Because Harrell is still represented by Cannon, whose signature did not appear on the Motion, the Court ordered Cannon to adopt or disclaim the Motion. (Doc. 390.) Cannon adopted the Motion (Doc. 393), and the Government filed a Response in opposition to Harrell's Motion (Doc. 399). The matter is now ripe for adjudication.

**II.   ANALYSIS**

    **A.   Release Pending Appeal By the Defendant**

Section 3143(b)(1) directs that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained unless the court finds: (1) that the person poses no risk of flight and no danger to the community during release and (2) that the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment or a reduced sentence, and is not interposed for purposes of delay. 18 U.S.C. § 3143(b)(1) (2006). If the court finds these two threshold requirements, it generally shall order the individual's release, in accordance with § 3142(b) or (c). Id.

    **B.   Application**

        **a.   Risk of Flight and Danger to the Community: § 3143(b)(1)(A)**

While Harrell does not explicitly refer to § 3143(b)(1)(A), he does argue that he does not pose a risk of flight or a danger to the community, should the Court chose to temporarily grant him bond pending his appeal. Specifically, Harrell promises that he will not

depart the local area, he will honor any curfew or reporting conditions placed on him, and he will have absolutely no contact with any person whose name appears in the special conditions section of the Court's Conditions of Probation and Supervised Release. (Doc. 387 at ¶¶ 6-8.) The Government's Response highlights Harrell's earlier violation of the terms of his pre-trial release, his threats against government agents, witnesses, and others, as well as the fact that the charge to which he finally pleaded guilty was Obstruction of Justice as it pertained to attempted witness tampering. (Doc. 399 at 1-2.) In conclusion, the Government rejects Harrell's assertion that he would have no contact with prohibited individuals, should he be released, and finds this statement "entirely incredible based on the defendant's past conduct." (Id. at 7.)

As the Government notes, the Court has rejected earlier requests for release by Harrell based on its concern for the safety of the community, and in particular the witnesses in this case. Despite Harrell's assertions that he would not pose a risk to the community if released temporarily, the Court is unconvinced. Because the Court does not find by clear and convincing evidence that Harrell is not likely to pose a danger to the community,[1] Harrell will not be released pending his appeal.

### b.    Substantial Question of Law or Fact: § 3143(b)(1)(B)

Neither Harrell's Motion nor the Government's Response provide any argument on whether Harrell's appeal raises any substantial question of law or fact that is likely to result

---

[1] The Government does not urge, nor does the Court find, that Harrell is a risk of flight. Although it does not change the final result of this Order, the Court finds by clear and convincing evidence that Harrell is not likely to flee if released.

3

in reversal, a new trial, or a reduced sentence. Not having the benefit of any argument on the issue, and not cognizant of any grounds for an appeal, the Court is unwilling to find that the appeal raises a substantial question of law or fact that is likely to result in reversal, a new trial, or a reduced sentence.[2] Accordingly, the Court concludes Harrell does not meet the threshold requirement for release in § 3143(b)(1)(B).

### c. Other Considerations

Harrell spends a large portion of his Motion setting forth various business and personal obligations that he believes cannot reasonably be accomplished by anyone other than himself or anywhere other than outside of prison. (Doc. 387 at 1-2.) The Government responds with a detailed examination of Harrell's tasks and an explanation of why they can either be taken care of by others or addressed by Harrell within jail. (Doc. 399 at 2-7.) While the Court understands that Harrell presents these considerations in the hope that they might support his case for temporary release, in essence they are irrelevant to the Court's statutorily prescribed determination pursuant to § 3143(b)(1) for a man in Harrell's circumstance. The Court is not charged with investigating whether Harrell has made the necessary showing of exceptional reasons to justify his release under § 3145(c), but is obliged to determine whether he satisfied both conditions under § 3143(b)(1).

Nonetheless, even were the Court to consider whether Harrell had presented exceptional

---

[2] The Court does not find any indication, however, that the appeal is for the purpose of delay.

reasons to justify his release,[3] it would hold that Harrell had failed to do so, and that the Government has refuted his arguments to the contrary. Simply put, "[a] defendant's incarceration regularly creates difficulties for him and his family." United States v. Mahabir, 858 F.Supp. 504, 508 (D. Md. 1994). The Court believes Harrell when he asserts that he will be inconvenienced by his continued incarceration. Nonetheless, Harrell has failed to show that these reasons are exceptional or that he cannot function in light of them.

### III. CONCLUSION

Harrell's "Memorandum in Support of Motion for Temporary Release from Custody for the Purpose of Settling Business Affairs in Advance of Incarceration Pursuant to Sentence" (Doc. 387) is denied.

SO ORDERED, this the 17th day of October, 2006.

                                              **s/   Hugh Lawson**
                                              HUGH LAWSON, JUDGE

pdl

---

[3] Even if Harrell was in a position to move for a consideration of exceptional circumstances under § 3143(c), and even if he had done so, this Court has held in the past that it does not have jurisdiction to entertain such a motion. See, e.g., United States v. Harrison, 430 F. Supp. 2d 1378, 1385 (M.D. Ga. 2006). When combined with the Court's finding that Harrell would pose a risk to the community if released, and its holding that Harrell's appeal raises no substantial questions of law or fact that is likely to result in reversal, a new trial, or a reduced sentence, it is obvious that more than one insurmountable hurdle bar Harrell's efforts to obtain bond pending appeal.